STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, Appellant, *v.* KATHERINE B. THOMPSON, Respondent.

No. 16845

April 25, 1986                                    717 P.2d 580

*Brian McKay,* Attorney General, Carson City, *Paul L. Wilkin,* Deputy Attorney General, Las Vegas, for Appellant.

*George Foley, Sr.*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent Thompson's driver's license was revoked by the Department of Motor Vehicles (DMV) for her failure to submit to an evidentiary test in compliance with Nevada's implied consent statute, NRS 484.383. Thompson sought a hearing under NRS 484.387 on the issue of whether she had in fact "failed to submit" to the required evidentiary test.

The administrative hearing was conducted on February 28, 1984. Present at the hearing were the department hearing officer, Thompson, her attorney, and the arresting officer. The department was not represented by counsel.

Thompson did not argue the question of her failure to submit to the required test; rather, she argued at the administrative hearing and argues here that the hearing process was invalid by reason of the hearing officer's acting as a prosecutor in violation of NRS 233B.122.[1]

---

[1]NRS 233B.122 provides:

> 233B.122   Certain members of agency prohibited from taking part in adjudication; replacement of disqualified officer.
> 1.   No agency member who acts as an investigator or prosecutor in any contested case may take any part in the adjudication of such case.
> 2.   If an officer of an agency disqualifies himself or is disqualified from participating in the adjudication of any contested case in which a decision will be rendered which is subject to judicial review, the officer shall send within 3 working days after the disqualification a notice of it to the authority which appointed him to the agency. The appointing authority shall within 5 working days after receiving the notice appoint a person to serve in the place of the disqualified officer only for the purpose of participating in the adjudication of the contested case.
> 3.   The person appointed under subsection 2 shall have the same qualifications required by law of the officer whom he replaces and is entitled to the same salary and per diem and travel expenses allowed to that officer.

The district court agreed with Thompson and held that as a matter of law the hearing officer acted improperly as a "prosecutor" in violation of NRS 233B.122(1) and that the hearing officer should have disqualified herself under NRS 233B.122(2) and (3). The district court remanded to the department for a new hearing. We reverse the district court. We hold that the procedures employed in this case do not constitute such a violation of the administrative procedures act or of any of Thompson's rights as to require an invalidation of the department's adjudication or an administrative rehearing of Thompson's license revocation proceedings.

Thompson's primary concern appears to be the hearing officer's producing, marking, and offering department exhibits. The hearing officer had in her possession at the commencement of the hearing documents supporting the department's position. The mere fact that the hearing officer produced department documents and accepted them as being duly authenticated does not make her a "prosecutor" for the department. Administrative hearing officers are commonly known to commence hearings with the introduction and acceptance of official administrative documents relating to the cause to be heard. We discover no inherent prosecutorial bias involved in the procedure at hand.

Thompson also complains that the hearing officer questioned department witnesses in such a manner as to be acting as a prosecutor for the department rather than as an independent and unbiased adjudicator. For example, there being no counsel for the department present, the hearing officer asked the arresting officer to "relate the circumstances that led up to the revocation of Petitioner's driving privilege." In response to questioning the arresting officer gave narrative answers which do not suggest the hearing officer's taking a prosecutorial role.

Certain instances can be imagined in which a department hearing officer, one who is in fact an agent of the department, could be seen to have crossed the line into the prosecutorial and adversarial realm. In such cases the hearing would have to be invalidated by reason of claimed statutory violations but also because of the inherent unfairness of a hearing officer's acting in a prosecutorial role. This is not the case here; so we reverse the district court and reinstate the decision and order of the department.